**FILED**

July 10, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____NM_____

DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **SILVIA LOPEZ ORTIZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| v. | § | **NO. SA-26-CV-4002-OLG** |
| | § | |
| **SYLVESTER M. ORTEGA** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Silvia Lopez Ortiz's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1). Respondents have responded (Dkt. No. 4). Upon review, the Court must dismiss the Petition without prejudice for the reasons below.

Petitioner is a citizen of Mexico who entered the United States without inspection in 2002; was apprehended and detained by immigration authorities for the first time on June 16, 2026; and remains mandatorily detained pursuant to 8 U.S.C. § 1225(b)(2)(A) pending the conclusion of her full removal proceedings. *See* Dkt. Nos. 1 at 4; 4 at 2; 4-1 at 1. Petitioner initiated this action on June 25, 2026, seeking release or a bond hearing on the grounds that she may not be mandatorily detained consistent with her right to due process.[1] *See* Dkt. No. 1 at 9–11.

The Fifth Circuit recently held that noncitizens, like Petitioner, who have entered and established "long-term residence in the United States" may be detained "under [§] 1225(b)(2)(A)

---

[1] Petitioner also asserts entitlement to habeas relief based on the Immigration and Nationality Act (INA) and the Administrative Procedure Act (APA). These claims are unavailing and therefore **DISMISSED**. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 500 (5th Cir. 2026) (holding that, under the INA, "unadmitted aliens apprehended anywhere in the United States are ineligible for release on bond, regardless of how long they have resided inside the United States"); *Chi v. Warden, Bluebonnet Det. Facility*, No. 26-CV-067-H, 2026 WL 1062625, at *5 (N.D. Tex. Apr. 13, 2026) (explaining that APA claims are only available when "there is no other adequate remedy in a court," and a "request for habeas relief . . . unwittingly admits that there is, in fact, an adequate remedy outside of the APA"); *Ndudzi v. Castro*, No. 20-CV-492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020) ("The payment of the $5 habeas filing fee relegates this action to habeas relief only.").

for ninety days but no longer without a bond hearing." *Rodriguez v. Ortega*, --- F.4th ---, No. 26-50183, 2026 WL 1906557, at *6, 16 (5th Cir. July 2, 2026). Here, because Petitioner's detention commenced on June 16, 2026, *see* Dkt. No. 1 at 4, Respondents' window to provide a bond hearing has not yet closed. As such, Petitioner's ongoing detention does not yet violate due process. *See Rodriguez*, 2026 WL 1906557, at *16 (holding that mandatory detention under § 1225(b)(2)(A) does not violate due process so long as a bond hearing is "held within 90 days of the commencement of detention"). Accordingly, the Petition (Dkt. No. 1) must be and hereby is **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

The Clerk is directed to **CLOSE** this case upon the entry of this Order.

**SIGNED** on July ___10___, 2026.

_____
ORLANDO L. GARCIA
United States District Judge

2